UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
East St. Louis Division

| | |
|---|---|
| SHARON LEE LAUTZ,               )<br>       *Plaintiff*,                             )<br>                                                 )<br>    v.                                        )<br>                                                 )<br>EQUIFAX INFORMATION SERVICES, LLC,  )<br>and DITECH FINANCIAL LLC,     )<br>       *Defendants*.                        ) | **Cause No. 3:17-cv-01188** |

## COMPLAINT WITH JURY TRIAL DEMAND

### PRELIMINARY STATEMENT

1. This action is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable reinvestigations with respect to such information.

2. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 (West) *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources (called "furnishers") that provide credit information to credit reporting agencies.

## PARTIES

3. Plaintiff, Sharon Lee Lautz (hereinafter "Lautz"), is a natural person who resides in Freeburg, Illinois.

4. Lautz is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C.A. § 1681a(c) (West).

5. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a credit bureau that conducts business in Illinois.

6. Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and use interstate commerce to prepare and/or furnish the reports, and accordingly, are each considered a "consumer reporting agency" as that term is defined by 15 U.S.C.A. § 1681a(f).

7. DiTech Financial LLC (hereafter "DiTech") regularly and in the ordinary course of business furnished information to one or more consumer reporting agencies about Lautz's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C.A. § 1681s-2 (West).

## JURISDICTION AND VENUE

8. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 *et seq.*, jurisdiction of this Court arises under 28 U.S.C.A. § 1331 (West).

9. Venue is proper in this Court because a substantial part of the claim arose in Illinois, Lautz resides in Illinois and all Defendants "reside" in Illinois, as that term is used in 28 U.S.C.A. § 1391 (West).

## FACTUAL ALLEGATIONS

10. On or about March 13, 2013, Lautz filed a Chapter 7 bankruptcy proceeding in the Southern District of Illinois, under Cause No. 15-30378.

11.     DiTech (via its predecessor in interest Green Tree) was listed on Lautz's Schedule D, showing a claim in the amount of $45,750.83. A copy of Lautz's Schedule D is attached as "Exhibit A."

12.     On May 7, 2015, a Reaffirmation Agreement was entered by and between Lautz and Ditech (via its predecessor in interest Green Tree) allowing for Lautz to continue to occupy and make timely payments on her home. A copy of the Reaffirmation Agreement Cover Sheet is attached hereto as "Exhibit B."

13.     Lautz continues to make payments towards her obligation to DiTech.

14.     Lautz's obligation to DiTech was not discharged via her Chapter 7 bankruptcy filing.

INACCURATE INFORMATION REPORTED BY EQUIFAX

15.     Sometime around July of 2017, Lautz obtained a copy of her consumer credit report as published by Equifax.

16.     The report contained erroneous information as provided by DiTech, now published and reported by Equifax. Specifically, the Equifax credit report failed to reflect the obligation was reaffirmed, still has a balance, or that Lautz has and continues to make timely payments towards it.

17.     Because the foregoing obligation was in fact reaffirmed and DiTech continues to receive payments towards the obligation, the information described above was inaccurate and misleading.

18.     In a letter dated July 6, 2017, Lautz disputed the inaccurate and misleading information to Equifax and advised Equifax of the specific facts that rendered the reporting inaccurate and misleading.  A copy of the dispute letter is attached hereto as "Exhibit C."

19. Upon information and belief, Equifax timely notified DiTech of Lautz's dispute in accordance with 15 U.S.C.A. § 1681i (West).

20. In a document dated June 25, 2017, Equifax advised Lautz that it had researched her dispute and the status was being reported correctly. Equifax provided a copy of the tradeline as reported that reproduced at least some of the errors identified by Lautz in her original dispute letter. Specifically, the tradeline still failed to reflect that Lautz's debt to DiTech (via its predecessor in interest Green Tree) had been reaffirmed or that timely payments continue to be paid towards the existing balance. A copy of the Equifax reinvestigation report is attached as "Exhibit D."

21. Equifax was required to communicate the specifics of Lautz's dispute to DiTech. Likewise, DiTech had a duty to investigate the dispute and accurately report their findings to Equifax.

22. Equifax had an affirmative duty to reasonably reinvestigate the dispute submitted by Lautz and to accurately report the tradeline information notwithstanding the information it received from DiTech.

<u>INACCURATE INFORMATION AS IT PERTAINS TO ALL DEFENDANTS</u>

23. Equifax is responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared databases.

24. Equifax and Ditech independently and jointly, breached their duties as described above.

25. Due to Equifax's failure to conduct reasonable reinvestigations of Lautz's dispute, the indication on Lautz's credit reports that her debt to DiTech (via its predecessor in interest Green Tree) was reaffirmed and that timely payments continue to be paid on the obligation, was not appropriately deleted or modified.

26. By inaccurately reporting debt information after receiving notice of its errors, Equifax and DiTech failed to take appropriate measures as set forth in 15 U.S.C.A. § 1681s-(2)(b)(1)(D) and 1681s-(2)(b)(1)(E).

27. Because of Defendants' willful actions and omissions, Lautz is eligible for actual damages, statutory damages, punitive damages and reasonable attorney's fees.

## TRIAL BY JURY

28. Lautz is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNTS I & II: VIOLATION OF THE FCRA
[15 U.S.C.A. § 1681e(b) and 1681i (West)]

29. Lautz incorporates by reference all preceding paragraphs as though fully stated herein.

30. Equifax willfully and/or negligently violated 15 U.S.C.A. §1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Lautz's consumer reports.

31. Equifax also willfully and/or negligently violated 15 U.S.C.A. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Lautz's dispute and by failing to appropriately delete or modify inaccurate information in Lautz's file.

32. As a result of Equifax's violation of 15 U.S.C.A. § 1681e(b) and 15 U.S.C.A. §1681i Lautz has suffered actual damages and is therefore entitled to recover actual damages pursuant to 15 U.S.C.A. § 1681n and 1681o (West).

33. Equifax's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C.A § 1681O.

34. Lautz is entitled to recover costs and attorney's fees from Equifax pursuant to 15 U.S.C.A. § 1681n and 1681o.

**COUNT III & IV: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
[15 U.S.C.A. § 1681s-2(b)]

35. Lautz incorporates by reference all preceding paragraphs as though fully stated herein.

36. DiTech willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Lautz's dispute from one or more consumer reporting agencies, and/or by failing to review all relevant information provided by the consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the inaccurate information.

37. Because of DiTech's violations of 15 U.S.C.A. § 1681s-2(b), Lautz has suffered actual damages including but not limited to the payment of increased costs of credit and insurance, certain out-of-pocket expenses, and emotional distress. Lautz is therefore entitled to recover actual damages under 15 U.S.C.A. § 1681n and 1681o.

38. DiTech's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

39. Lautz is entitled to recover costs and attorney's fees from DiTech pursuant to 15 U.S.C.A. § 1681n and 1681o.

**WHEREFORE**, Lautz respectfully requests the following relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages pursuant to 15 U.S.C.A. § 1681n;

d. Reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1681n and/or 1681o;

e. That an Order be issued for the Defendants to modify, delete or block the inaccurate information being reported; and

f. Such other and further relief as may be just and proper.

    Respectfully submitted,

*/s/ Travis W. Cohron*
Travis W. Cohron, No. 29562-30
**BARKER HANCOCK & COHRON**
198 South Ninth Street.
Noblesville, IN 46060
Telephone: (317) 219-4746
tcohron@bhclegal.com
*Attorney for Plaintiff*